UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN MIKSCH,

        Petitioner,

        v.                                    CAUSE NO. 3:23-CV-565-APR

WARDEN,

        Respondent.

## OPINION AND ORDER

John Miksch, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary decision (ISP-21-7-160) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of asserting false complaints in violation of Indiana Department of Correction Offense 122. Following a hearing, he was sanctioned with one hundred days earned credit time and a demotion in credit class.

Miksch argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence to support the finding of guilt. He contends that, though the conduct report alleges that "everything" he said at the interview was false, at least some of his statements were true.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

**Webb v. Anderson**, 224 F.3d 649, 652 (7th Cir. 2000).

The conduct report, prepared by Investigator Bundy, reads:

> Offender Miksch DOC# 227212 was brought over to DCH under investigation for attempting to traffick another cell phone. During the course of his interview, he gave multiple stories of offenders and things that he said were happening at ISO. Everything he gave never panned out and is believed to be false. There have been countless hours wasted due to the statements he has provided.

[DE 8-1]. The administrative record includes a video recording summary of the interview and the video recording itself. [DE 8-4; DE 13]. The administrative record also includes a conduct report charging Miksch with an unauthorized financial transaction, and Miksch discussed this transaction during the interview. [DE 8-4; DE 8-11].

The record indicates that some of Miksch's statements during the interview, including those about his housing location, the length of his sentence, and statements against his self-interest, appear to be true. However, the court does not understand Investigator Bundy to have used the word "everything" in the literal sense as Miksch's argument implies, and imprecise charging language does not necessarily raise constitutional concerns in prison disciplinary proceedings.

That said, here, the court is unable to ascertain what interview statements Investigator Bundy references by using the terms "everything" and "multiple stories" even after reviewing the administrative record. In the video-recorded interview, Miksch, handcuffed behind his back and without using notes, speaks for approximately thirty minutes in an excited state, alluding to perhaps dozens of incidents of misconduct by himself, other inmates, and correctional staff. [DE 13]. The video recording summary prepared by the hearing officer identifies twenty-one statements made during the course of the interview [DE 8-4], but it is unclear, which of these statements were the focus of the conduct report or of the internal investigation. And the inability to ascertain the focus of the conduct report in turn makes it impossible to conclude that the

administrative record contains "some evidence" to support the finding of guilt on the conduct report.

Given the concerns raised by this claim, it appears that Miksch received inadequate notice of the disciplinary charges. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." ***Wolff v. McDonnell***, 418 U.S. 539, 564 (1974). The fundamental issue with the conduct report is that it is unclear how Miksch could have prepared a meaningful defense in light of the vague references in the conduct report and the sheer scope of the interview.

Imagining Miksch's circumstances at the screening stage proves particularly illustrative of this procedural conundrum. Here, Miksch received the conduct report two weeks after the interview. [DE 8-1]. Given the number of statements and the manner in which they were presented, it seems unlikely that Miksch would have remembered the entirety of his statements at the interview even then at the critical screening stage where he was required to make evidentiary requests. [DE 8-2; DE 8-9 at 28, 30]. Even if he had remembered, the conduct report provided no guidance as to its focus among the dozens of instances of misconduct mentioned during the interview. [DE 8-1]. Consequently, his only options at screening were to choose blindly among the various statements that he could recall and to make critical evidentiary decisions based on those blind choices. The conduct report thus did not provide Miksch with a meaningful opportunity to request evidence.

Miksch's efforts to defend himself at the hearing are also illustrative of the inadequacy of the notice. In his written statement and exhibits, Miksch addressed a significant number of his

interview statements in an apparent effort to cover his bases, including what appears to be a last resort argument:

> In the interview video I call myself a Liar! Mr. Bundy confirms that in the write-up. I guess EVERYTHING wasn't a lie then.

[DE 8-5]. He provided compelling evidence to support some of his interview statements, including that he had taken photographs of another inmate and that inmate had been messaging Miksch's spouse on Facebook to try to get money from her. *Id.* Nevertheless, he fell short of addressing every interview statement that reasonably might have been investigated by Investigator Bundy, including his statement that he had a list of inmates who possess cellphones and that his statement that he repairs cellphones for other inmates. And the court cannot fault Miksch for these omissions because, again, it is entirely unclear how Miksch could have discerned which interview statements to defend prior to the hearing even assuming he could recall the relevant statements. The vague conduct report superimposed over the scattershot interview did not allow Miksch the opportunity to prepare a meaningful defense.

For these reasons, the habeas corpus petition is **GRANTED**. The Warden is **ORDERED** to file documentation by <u>April 5, 2024</u>, showing that the guilty finding in ISP-21-7-160 has been vacated and the earned credit time and credit class has been restored.

SO ORDERED on March 13, 2024.

s/ Andrew P. Rodovich<br>
MAGISTRATE JUDGE<br>
UNITED STATES DISTRICT COURT